# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

_____

**In Re**

VALLEY CLUB HOMES, LLC,

**Debtor.**

**Bankruptcy Case No. 08-40339-JDP**

_____

## MEMORANDUM OF DECISION

_____

**Appearances:**

    Joseph M. Meier, COSHO HUMPHREY, Boise, Idaho, Attorney for Debtor.

    Kimbell Gourley, TROUT JONES GLEDHILL FUHRMAN, Boise, Idaho, Attorney for Valley Club Owners Association, Inc.

## Introduction

In this chapter 11[1] case, Valley Club Owners Association, Inc. ("VCOA") filed a motion to compel the Debtor, Valley Club Homes, LLC,

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 - 1532, and all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001 - 9037.

MEMORANDUM OF DECISION - 1

to assume or reject an executory contract. On June 17, 2008, the Court conducted a hearing in which Debtor, Valley Club Homes, LLC ("Debtor") and VCOA participated. After considering the arguments of counsel presented at the hearing, the parties' post-hearing briefs and other submissions, this Memorandum constitutes the Court's findings of fact, conclusions of law, and resolution of the issues raised by the motion. Fed. R. Bankr. P. 7052, 9014.

**Facts**

On Feb. 6, 2007, VCOA entered into an agreement with Debtor and Buttercup Homes, LLC ("BCH") to provide water to Debtor and BCH through VCOA's existing water delivery system (the "Water Delivery Agreement"). Under the terms of the Water Delivery Agreement, Debtor and BCH each agreed to pay $100,000 into a capital reserve fund maintained by VCOA, as well as to make various improvements to VCOA's existing water delivery system.[2] In consideration of these

---

[2] On April 16, 2008, the parties amended their agreement to provide that interest on the $100,000 would accrue from June 1, 2007 until paid in full. In addition, according to the amendment, the entire balance, including accrued and

MEMORANDUM OF DECISION - 2

promises, VCOA agreed to provide and deliver water to the others "pursuant to the terms and conditions of a Water Service, Easement and Cost Sharing Agreement[.]" Ex. 102, ¶ 8.

Debtor and BCH commenced construction of the various improvements to the water delivery system as contemplated by the Water Delivery Agreement. Prior to filing its bankruptcy petition on April 29, 2008, Debtor had completed each of its obligations under the Water Delivery Agreement, with the exception of the payment to VCOA of the $100,000. Though the payment had not been made, on April 16, 2008, VCOA had entered into the Water Service, Easement and Cost Sharing Agreement. Ex. 103.

## Discussion

A chapter 11 debtor may assume or reject an executory contract. 11 U.S.C. § 365(a). However, under § 365(b)(1), if the debtor seeks to assume the contract, it must propose to cure any existing default under that contract at the time of assumption. The rejection of an executory

---

unpaid interest, is due on December 31, 2008. Ex. 103.

MEMORANDUM OF DECISION - 3

constitutes a breach under § 365(g), thereby excusing the nondebtor party from further performance.

Although Congress did not provide an express definition of the term executory contract as it is used in § 365 of the Bankruptcy Code, the legislative history indicates that Congress intended this term to refer to a contract "on which performance is due to some extent on both sides." *N.L.R.B. v. Bildisco and Bildisco*, 465 U.S. 513, 522 n. 6 (1984) (*quoting* H.R. Rep. No. 95-595, p. 347 (1977)).  In the Ninth Circuit, the "Countryman" definition is frequently used to determine whether a contract is executory. *TKO Properties, LLC v. Young (In re Young)*, 97.4 I.B.C.R. 123, 124 (Bankr. D. Idaho 1997).  Under the Countryman definition, a contract is executory if:

> the obligations of both parties are so far unperformed that the failure of either party to complete performance would constitute a material breach and thus excuse the performance of the other.

*Id.* (citing *In re Robert L. Helms Constr. & Dev. Co. Inc.*, 110 F.3d 1470, 1472 n.2 (9th Cir. 1997)).

MEMORANDUM OF DECISION - 4

VCOA argues that the Water Delivery Agreement is an executory contract under which all parties have unperformed obligations such that Debtor must either assume or reject it in connection with its bankruptcy case. Debtor concedes that it has not paid the $100,000 required by the contract. However, Debtor argues that VCOA's obligations have been fulfilled, and that since *both* sides (*i.e.,* Debtor and VCOA) do not have unperformed obligations, the Water Delivery Agreement is not executory for purposes of the Bankruptcy Code, and therefore not subject to assumption or rejection. As a result, Debtor argues that the debt due from Debtor to VCOA need not be paid now, but instead may be dealt with in due course in any reorganization plan Debtor may propose in the future. The Court agrees with Debtor's position.

Debtor needed a means to deliver water to its various building lots. To accomplish that end, Debtor contracted with VCOA to use that party's existing water delivery system. Debtor had numerous obligations under the Water Delivery Agreement: Debtor was required to make a one-time cash contribution to a capital reserve fund and to construct various

MEMORANDUM OF DECISION - 5

improvements to VCOA's existing water delivery system.  Debtor has fulfilled most, but not all of its contractual duties under the Water Delivery Agreement.  While it has completed the construction of the additional water storage tank and an access road, and installed pumps and sundry electrical components, it has failed to pay the $100,000 into the capital reserve fund.

VCOA, on the other hand, had only one obligation under the Water Delivery Agreement:  to enter into the "Water Service, Easement and Cost Sharing Agreement" with several other entities.  Under this separate agreement, VCOA was obliged to deliver water to Debtor.[3]  When it executed the water service and cost sharing agreement, VCOA thereby fully performed its obligations under the Water Delivery Agreement.

In other words, while Debtor has an unperformed obligation under the Water Delivery Agreement, VCOA had completed its performance.  Under the Countryman definition, the Water Delivery Agreement, it is not

---

[3] While Debtor obviously benefits from it terms, Debtor is not a party to this water service and cost sharing agreement.

MEMORANDUM OF DECISION - 6

an executory contract for purposes of § 365 in this bankruptcy case. Debtor need not assume nor reject it, and may address the debt it owes to VCOA in its chapter 11 plan.[4]

## Conclusion

VCOA's motion to compel assumption or rejection will be denied.

A separate order will be entered.

Dated: July 15, 2008

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

---

[4] Because of this disposition, the Court need not address Debtor's alternative argument that because its sole remaining obligation under the contract with VCOA is to pay money, the contract is not executory. *See Employees' Retirement System of the State of Hawaii v. Osborne (In re THC Fin. Corp.)*, 686 F.2d 799, 804 (9th Cir. 1982) (noting that "courts have consistently held that contracts that only required payment by the debtor are not executory.").

MEMORANDUM OF DECISION - 7